FILED: ONONDAGA COUNTY CLERK 07/31/2017 06:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017EF3222

RECEIVED NYSCEF: 08/01/2017

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF ONONDAGA

| | |
|---|---|
| LUIS COLONTORRES, on behalf of himself and all other similarly situated consumers, | ) Index No.: |
| Plaintiff, | ) |
| vs. | ) |
| | ) SUMMONS |
| MIDLAND CREDIT MANAGEMENT INC., | ) |
| Defendant. | ) Date Index No. Purchased: |

To the above named Defendant:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the Plaintiff's residence in Onondaga County. Plaintiff's Address which is 104 Baker Blvd. Syracuse, NY 13208.

Dated this 31st day of July, 2017.

Daniel Zemel, Esq.
Elizabeth Apostola, Esq.
Zemel Law, LLC
78 John Miller Way Suite 430
Kearny, New Jersey 07032
Tel: 862.227.3106
dz@zemellawllc.com
ea@zemellawllc.com

Notice: The nature of this action is violation of the Fair Debt Collection Practices Act.

FILED: ONONDAGA COUNTY CLERK 07/31/2017 06:51 PM    INDEX NO. 2017EF3222
NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 08/01/2017

## NEW YORK SUPREME COURT
## ONONDAGA COUNTY

| | |
|---|---|
| LUIS COLONTORRES, on behalf of himself and all other similarly situated consumers, | Case No.: |
| Plaintiff, | |
| vs. | CLASS ACTION COMPLAINT |
| MIDLAND CREDIT MANAGEMENT INC., | |
| Defendant. | |

Plaintiff, Luis Colontorres (hereinafter "Plaintiff"), on behalf of himself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Midland Credit Management, Inc. (hereinafter "Defendant"), as follows:

### PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

### JURSIDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to NY CPLR §301, 15 U.S.C. §1692k (d).

3.     Venue is proper in the Supreme Court of the State of New York, Onondaga County pursuant to NY CPLR §503(c) because Plaintiff resides in this county and the cause of action arose in this county.

## PARTIES

4.    Plaintiff is a natural person, who at all relevant times has resided in Syracuse, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.    Defendant is a corporation doing business in the State of California, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.    On or about August 3, 2016, Defendant sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $630.85, for a personal credit card bill from GE Capital Retail Bank.

7.    Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

8.    Exhibit A is false, deceptive, and misleading given Defendant's placement of ambiguous language and the resulting multiple interpretations of the letter that follow.

9.    Because Exhibit A is in Spanish, I have filed Exhibit B which is an identical letter from Midland.

10.    Exhibit A offers Plaintiff three options: 40% discount with a single payment, 20% discount over six monthly payments, or an option for monthly payments as low as $50.

11.    Along the right of these options, Defendant's letter reads: "Offer Expiration date: 9-2-2016."

2

12.     Below this, the letter states: "After receiving your final payment, we will consider the account paid*."

13.     Along the bottom, the letter reads "*if you pay your full balance, we will report your account as Paid in Full. If you pay less than your full balance, we will report your account as Paid in Full for less than the full balance."

14.     Under the FDCPA, collection letters are to be judged from the standard of the least sophisticated consumer. If a letter has multiple interpretations, more than one of which are reasonable, the collection letter is confusing and is a violation of the FDCPA.

15.     The above language provided by Defendant is ambiguous and has many different material interpretations.

16.     As an initial matter, the phrase "Offer Expiration date" is false, deceptive, and misleading because the offer issued is not a "one-time, take-it-or-leave-it offer." Upon information and belief, Defendant will continue to offer these discounts past the supposed offer expiration date. Upon further information and belief, Defendant placed this language within the letter to create a false sense of urgency to the consumer, to create the impression that this is the last time these accounts may be settled at such a discount. Furthering this deception, is Defendant's placement of set dates along each discount option offered.

17.     Confusing a consumer as to what types of discounts he or she may receive, and when he or she may receive them directly affects whether the consumer will pay the debt. Accordingly, Defendant's letter violates the FDCPA.

18.     In addition to the above, the sentence advising the consumer that "if you pay your full balance, we will *report* your account as Paid in Full. If you pay less than your full balance, we will *report* your account as Paid in Full for less than the full balance" is ambiguous as to whom Defendant will "report" this information too.

3.

FILED: ONONDAGA COUNTY CLERK 07/31/2017 06:51 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF3222

RECEIVED NYSCEF: 08/01/2017

19.     Under one reasonable interpretation, by "report" Defendant means it will *credit report* the payment to the credit reporting agencies.

20.     Under another reasonable interpretation, by "report" Defendant means it will report the payment to the consumer's creditor (GE Capital Retail Bank). Consumers of all levels of sophistication believe that the lending bank wants to know whether their debts are paid by the consumer, even in instances where the debts are sold. In fact, banks often consider whether a consumer paid back the debts owed to that bank as a major lending criteria. These criteria will take into account whether the debt was Paid in Full, or Paid for less than the full balance. By failing to utilize the verb associated with sending consumer information to a credit reporting agency, i.e. "credit report," this interpretation of "report" appears to be the most reasonable.

21.     Yet another reasonable interpretation of the letter is that Defendant utilizes the word "report" to indicate that the payment will be reported to both the credit reporting agencies and to the original lender.

22.     Confusing the consumer as to whom Defendant will report is false, deceptive, and misleading within the confines of the FDCPA. The confusion is material because the agency which Defendant will report to may affect the consumer's decision in choosing to pay off the debt. For instance, one consumer may not be worried whether GE Retail Bank learns of the payment because the consumer does not intend to business with this bank again, while another consumer may so intend.

23.     Another component of the letter which is ambiguous is when the debt will be reported as Paid in Full, and when it will be reported as Paid in Full for less than the full balance.

24.     Under one reasonable interpretation, the least sophisticated consumer believes that Defendant is offering to report "Paid in Full" once the consumer accepts the one-pay Option 1, after which Defendant will consider the debt as paid in full. Under this interpretation, the

4.

FILED: ONONDAGA COUNTY CLERK 07/31/2017 06:51 PM
NYSCEF DOC. NO. 1
INDEX NO. 2017EF3222
RECEIVED NYSCEF: 08/01/2017

consumer believes that only where the consumer enters into payment plans, Option 2 and Option 3, will there be a reporting that the debt is Paid in Full for less than the full balance. To the least sophisticated consumer, this is reasonable because throughout its letter Defendant only emphasizes payment at the discounted rates, and not the full balance. Therefore, it does not stand to reason that only the full balance must be paid before the debt is reported as Paid in Full.

25.     Another similar interpretation of Defendant's letter is that if the consumer accepts Option 1, the debt will be reported as Paid in Full. Once the consumer begins a payment plan, under Option 2 or Option 3 however, the Defendant will then report "Paid in Full for less than the full balance," until the final payment of the discount plan is made. After final payment, the consumer believes that Defendant will then report "Paid in Full."

26.     Another interpretation of Defendant's letter is that if the consumer accepts Option 1, the debt will be reported as Paid in Full. Once the consumer begins a payment plan, under Option 2 or Option 3 however, the Defendant will then report "Paid in Full for less than the full balance," until the debt is paid off completely, in a final payment. After this final payment, the consumer believes that Defendant will then report "Paid in Full."

27.     Another conflicting reasonable interpretation is that the consumer's acceptance of Option 1, Option 2, or Option 3 will result in a reporting of "Paid in Full for less than the full balance," while the "Paid in Full" reporting will not be made unless the consumer pays the full original amount.

28.     Another interpretation is that the consumer's acceptance of Option 1 or Option 2 will result in a reporting of "Paid in Full," while Option 3 will result in a reporting of "Paid in Full for less than the full balance." This interpretation is warranted because only Option 1 and Option 2 are made clear as to the amounts sought by Defendant, and therefore only those options are clearly delineated as to what amount these options will be considered paid in full. Whereas

5.

FILED: ONONDAGA COUNTY CLERK 07/31/2017 06:51 PM    INDEX NO. 2017EF3222

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 08/01/2017

Option 3 is left open ended without a quantifiable number, making the consumer believe that under that option, Defendant will report "Paid in Full for less than the full balance."

29.    Yet another reasonable interpretation of the least sophisticated consumer is the plain reading of the final sentence "if you pay your full balance, we will report your account as Paid in Full. If you pay less than your full balance, we will report your account as Paid in Full for less than the full balance." According to the least sophisticated consumer *any* partial payment may result in the account reporting as "Paid in Full for less than the full balance." In other words, the consumer views the letter and interprets it to say that no matter the amount he or she pays, as long as that amount is less than the full balance, Defendant will report it as Paid in Full for less than full the balance—because that is the exact wording of the letter. Under this interpretation, were the consumer to pay $10, he or she would believe that the payment necessitates the positive reporting "Paid in Full for less than the full balance."

30.    This vague and ambiguous language directly impacts whether and how much the consumer will pay to Defendant to resolve the debt.

31.    Finally, Defendant's use of the term Paid in Full for less than full the balance is itself a center of confusion for the consumer, making it unclear as to how something will be reported as paid in full when there is a settlement. Given the confusion, the least sophisticated consumer is unsure how the entity receiving Defendant's reporting will treat a debt that is "Paid in Full for less than the full balance" given the inherent oxymoron. Thus, the confusion as to this phrase also effects the consumer's choice in paying the debt.

## CLASS ACTION ALLEGATIONS

### The Class

32.    Plaintiff brings this as a class action pursuant to NY CPLR § 901.

INDEX NO. 2017EF3222

FILED: ONONDAGA COUNTY CLERK 07/31/2017 06:51 PM

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 08/01/2017

33.    Plaintiff seeks certification of the following classes, initially defined as follows:

**Class: All consumers with a New York address that have received collection letters from Defendant concerning debts for GE Retail Bank used primarily for personal, household, or family purposes within one year prior to the filing of this complaint that provide deceptive reporting language or deceptive offer language.**

34.    Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

## Numerosity

35.    Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers New York, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36.    The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

37.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

38.    There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of

INDEX NO. 2017EF3222
FILED: ONONDAGA COUNTY CLERK 07/31/2017 06:51 PM
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 08/01/2017

Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

39.    The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**Protecting the Interests of the Class Members**

40.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

41.    Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

42.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

43.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

44.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

8

FILED: ONONDAGA COUNTY CLERK 07/31/2017 06:51 PM    INDEX NO. 2017EF3222
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 08/01/2017

45.    Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to NY CPLR § 901.

47.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

48.    Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.*

49.    Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

9

FILED: ONONDAGA COUNTY CLERK 07/31/2017 06:51 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF3222

RECEIVED NYSCEF: 08/01/2017

50.    Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

51.    Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(5)    The threat to take any action that is not intended to be taken;**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

52.    Section 1692f provides:

> **§ 1692f. Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, Plaintiff, Luis Colontorres, respectfully requests that this Court do the following for the benefit of Plaintiff:

A.    Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B.    Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C.    Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

10

FILED: ONONDAGA COUNTY CLERK 07/31/2017 06:51 PM    INDEX NO. 2017EF3222
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 08/01/2017

D.  Award costs and reasonable attorneys' fees;

E.  Grant such other and further relief as may be just and proper.

### JURY TRIAL DEMAND

53.    Plaintiff demands a jury trial on all issues so triable.


Dated this 31st of July, 2017

                                        Respectfully Submitted,


                                        Daniel Zemel, Esq.
                                        Elizabeth Apostolla, Esq.
                                        Zemel Law LLC
                                        78 John Miller Way
                                        Suite 430
                                        Kearny, NJ 07032
                                        862-227-3106
                                        dz@zemelawllc.com
                                        ea@zemelawllc.com

11



PAGE: 1/ 1



**mcm** Midland Credit
Management, Inc.
2365 Northside Drive, Suite 300, San Diego, CA 92108

05-25-2016

002
P29T1007

You are pre-approved for a 40% discount!
Call now: (800) 282-2644

### Choose The Option That Works For You.

**Benefits of Paying!**

RE: Barclays Bank Delaware

Dear

Congratulations! You have been pre-approved for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at www.midlandcreditonline.com.

> Save up to $408.11

> Offer Expiration date: 06-24-2016

> After receiving your final payment, we will consider the account paid.*

| | You Pay Only |
|---|---|
| ...Due Date: 06-24-2016 | **$612.17** |
| **Option #: 40% OFF** 6 Monthly Payments of Only First Payment Due Date: 06-24-2016 | **$136.03** |
| **Option #: Monthly Payments As Low As:** Call now to discuss your options and get more details. | **$50 per month†** |

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

**CALL US TODAY!**
**(800) 282-2644**

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

*Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.*

*If you have a complaint about the way we are collecting this debt, please write us at 2365 Northside Drive, Suite 300, San Diego, CA 92108, email us at customerservice@mcmcg.com, or call us toll-free at 1-800-825-8131 between Mon–Fri 5:00am–4:30pm PST.*

*The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.*

*†If you pay your full balance, we will report your account as Paid in Full. If you pay less than your full balance, we will report your account as Paid in Full for less than the full balance.*

We are not obligated to renew this offer.

Hours of Operation:
M– Th 5:00am – 9:00pm PST
Fri   5:00am – 4:30pm PST
Sat  5:00am – 4:30pm PST
Sun  5:00am – 9:00pm PST

 **Call:** (800) 282-2644

 **Click:** www.midlandcreditonline.com

 **Mail:** Payment coupon below

### PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

### PAYMENT COUPON

**Payment Options:**
1) Mail in this coupon with your payment
2) Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, Inc.

**mcm**

PO Box 60578
Los Angeles, CA 90060-0578

Payment Due Date: 06-24-2016

Amount Enclosed: _____

12 8560419695 7 0061217 062416 1 416267086

B469_DOE7